IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE LAMAR YATES, | ) |
| | ) Case No. 07 - 1124 |
| Petitioner, | ) |
| | ) District Judge Donetta W. Ambrose |
| vs | ) Magistrate Judge Lisa Pupo Lenihan |
| | ) |
| FRANKLIN J. TENNIS; | ) |
| THE ATTORNEY GENERAL OF THE | ) |
| COMMONWEALTH OF | ) |
| PENNSYLVANIA; THE DISTRICT | ) |
| ATTORNEY OF THE COUNTY OF | ) |
| GREENE, | ) |
| | ) |
| Respondents. | ) |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.      RECOMMENDATION

It is respectfully recommended that the instant Petition for Writ of Habeas Corpus be dismissed without prejudice in accordance with the Rules Governing Habeas Corpus Cases Under Section 2254 because Petitioner currently is pursuing state court remedies.

II.     REPORT

Petitioner, Andre Lamar Yates, a prisoner serving a life sentence currently confined at the State Correctional Institution at Rockview, Pennsylvania has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, the Petition should be dismissed without prejudice because Petitioner currently is pursuing a petition for post conviction relief in the Pennsylvania courts.

A. <u>Relevant Procedural History</u>

Public docket entries reveal that on September 2, 2004, in the Court of Common Pleas of Allegheny County at Criminal Complaint Nos 2003 - 5902 and 2003 - 14110, Petitioner was found guilty of Murder in the First Degree, Attempted Homicide, Aggravated Assault and Criminal Conspiracy. On November 1, 2004, Petitioner was sentenced to life imprisonment.

On November 8, 2004, Petitioner filed a Motion for a New Trial and Motion in Arrest of Judgment. On April 14, 2005, his post trial motions were denied. On April 29, 2005, Petitioner appealed this decision to the Superior Court of Pennsylvania. On June 13, 2005, the trial court filed its Opinion denying Petitioner's post trial claims. On November 2, 2006, the Superior Court of Pennsylvania affirmed the determination of the trial court in denying Petitioner's claims. Shortly thereafter, the Supreme Court of Pennsylvania denied Petitioner's Petition for Allowance of Appeal.

On January 23, 2007, Petitioner filed a petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat.§ 9541, *et seq*. On June 22, 2007, Petitioner filed an amended PCRA Petition. A PCRA hearing is scheduled for September 25, 2007.

B. <u>Exhaustion Requirement</u>

The provisions of the federal habeas corpus statute at 28 U.S.C. § 2254(b) require a state prisoner to exhaust available state court remedies before seeking federal relief. This exhaustion requirement serves to protect the interest of comity, which ensures that the state courts have the first opportunity to address and correct violations of state prisoners' federal rights. <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 491 (1973). Accordingly, before a federal court addresses the merits of a state prisoner's claims, constitutional and federal law issues first must have been fairly presented to the state courts through direct appeal, collateral review, state *habeas* proceedings, *mandamus* proceedings, or other available procedures for judicial review. *See, e.g.*, <u>Castille v. Peoples</u>, 489 U.S. 346, 351 (1989); <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971); <u>Doctor v. Walters</u>, 96 F.3d 675, 678 (3d Cir. 1996); <u>Burkett v. Love</u>, 89 F.3d 135, 137 (3d Cir. 1996). The petitioner has the burden of establishing that exhaustion has been met. <u>Ross v. Petsock</u>, 868 F.2d 639, 643 (3d Cir. 1989); <u>O'Halloran v. Ryan</u>, 835 F.2d 506, 508 (3d Cir. 1987). A Petitioner shall <u>not</u> be deemed to have exhausted state remedies if he has the right to raise his claims by any available state procedure. 28 U.S.C. § 2254(c).

In the case at bar, Petitioner currently is pursing relief via his PCRA Petition. This Court must give the state courts the first opportunity to "consider allegations of legal error without interference from the federal judiciary." <u>Doctor</u>, 96 F.3d at 683 (quoting <u>Vasquez v. Hillery</u>, 474 U.S. 254, 257 (1986)).

> Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity for the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

<u>Rose</u>, 455 U.S. at 518.

Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 provides, in relevant part, as follows.

> . . . The petition shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. . . . In every case a copy of the petition and any other order shall be served by certified mail on the respondent and on the attorney general of the state involved.

In the instant action, it plainly appears that the petitioner is not entitled to relief in the district court until

- 4 -

he has completed pursuing his PCRA remedies in the Pennsylvania courts. Accordingly, this Court must stay its hand and dismiss the petition under Rule 4 without prejudice to refiling after Petitioner has exhausted his potential state court remedies, which he is pursing in his PCRA Petition.

### C. Certificate of Appealability

28 U.S.C. § 2253(c) codifies the standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."

In Slack v. McDaniel, 529 U.S. 473 (2000) the Supreme Court held that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable whether dismissal of the petition due to Petitioner's

currently pending PCRA proceeding is correct. Accordingly, a certificate of appealability should be denied.

III.     CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed without prejudice and that a certificate of appealability be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                   _____
                                   Lisa Pupo Lenihan
                                   U. S. Magistrate Judge

Dated:   September 17, 2007

cc:      The Honorable Donetta W. Ambrose
         United States District Judge, Chief

         ANDRE LAMAR YATES
         GA0749
         Box A
         SCI Rockview
         Bellefonte, PA 16823